UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

Francisco Chavez, Sr. and Enedelia Rodriguez,

    Debtors.

Case No: 8:17-bk-1106-CPM
Chapter: 12

# **CHAPTER 12 PLAN**

1. The future income of the Debtors is submitted to the supervision and control of the Trustee, and the Debtors shall pay to the Trustee the sum of $5,977.18 per quarter for twenty quarters. The first quarter payment will commence in May 2017. From then, the quarters will be paid in August, November, February and May, with the last quarter being paid in February 2022.

    A.    Priority Claims

1. The fees and expenses of the Trustee shall be paid over the life of the plan at the rate of ten percent (10%) of the amount of all payments under the plan, or $543.80 per quarter.

2. **The Law Office of Keith Will Wynne, Esq**. has a priority claim in the amount of $3250.

    B.    Secured Claims

1. **Regions Bank** holds a priority first mortgage lien in the amount of $84,738.61 on the Debtor's real property and residence located at 4605 Beauchamp Rd., Plant City, Florida 33563. The Creditor will be paid quarterly installments amortized at 5.25% interest in the amount of $2,136 per quarter over a 20 year term [Total Plan Payments: $2,136 x 20= $42,720.00. The payments are calculated as follows: $583 per month in Principal/Interest and $129 per month for hazard insurance, for a total of $712 per month, or $2,136 per quarter. There will be a balance remaining after the 20th quarterly payment under the plan]. The Debtors inadvertently made direct payments to Regions Bank on February 13, 2017, in the mount of $1363.00, on March 14, 2017, in the amount of $1248.11, and on April 11, 2017, in the amount of $1238, for a total of $3849.11. Debtors request that Regions Bank be required to turn $3849.11 over to the Trustee as payments made by the Debtors inadvertently to Regions Bank that should have been sent to the Trustee.

2. **Doug Beldon, Hillsborough County Property Appraiser**, has a secured claim in the amount of $2,741.23 by virtue of a property tax lien for 2016 property taxes for the real property and residence located at 4605 Beauchamp Rd., Plant City, Florida 33563. The Creditor will be paid quarterly installments amortized at 18% interest in the amount of $208.86 per quarter. [Total Plan Payments: $208.86 x 20=$4,177.20. These property taxes will be paid in full.]

3. **Green Tax Funding I** has a secured claim in the amount of $3131.31 by virtue of a property tax lien for 2014 property taxes for the real property and residence located at 4605 Beauchamp Rd., Plant City, Florida 33563. The Creditor will be paid quarterly installments amortized at 18% interest in the amount of $238.53 per quarter. [Total Plan Payments: $238.53 x 20=$4,770.60. These property taxes will be paid in full.]

4. **TLGFY, LLC, Capital One, as Collateral Assignee of TLGFY, LLC.** has a secured claim in the amount of $3,166.93 by virtue of a property tax lien for 2015 property taxes for the real property and residence located at 4605 Beauchamp Rd., Plant City, Florida 33563. The Creditor will be paid quarterly installments amortized at 18% interest in the amount of $241.26 per quarter. [Total Plan Payments: $241.26 x 20=$4,825.20. These property taxes will be paid in full].

5. **Farm Service Agency** has three loans securing the Debtors real property located at 4605 Beauchamp Rd, Plant City, Florida 33563, and the Debtors real property located at 902 Nashville Rd., Lakeland, Florida 33815, and 858 Nashville Road, Lakeland, Florida 33801. In addition the Farm Service Agency's loans secure the Debtors farm equipment and crops.

    A. **Loan 44-03** The total amount owed by the debtors under the note secured by the mortgage is approximately $43,885.20. The Creditor will be paid quarterly installments amortized at 1.25% interest in the amount of $620.28 over a 20 year term [Total Plan Payments: $620.28 x 20=$12,405.60. There will be a balance remaining after the 20th quarterly payment under the plan].

    B. **Loan 44-04** The total amount owed by the debtor under the note secured by the mortgage is approximately $63,438.00. The Creditor will be paid quarterly installments amortized at 1.25% interest in the amount of $897 over a 20 year term [Total Plan Payments: $897 x 20=$17,940.00. There will be a balance remaining after the 20th quarterly payment under the plan].

    C. **Loan 44-05** The total amount owed by the debtor under the note secured

by the mortgage is approximately $34,962.83. The Creditor will be paid quarterly installments amortized at 1.25% interest in the amount of $487 over a 20 year term [Total Plan Payments: $487 x 20=$9,742. There will be a balance remaining after the 20th quarterly payment under the plan].

6. **Joe G. Tedder, Polk County Property Appraiser,** has a secured claim by virtue of a property taxes due on the following properties:

    A. **858 Nashville Rd., Lakeland, Florida 33801** 2013, 2014, 2015, and 2016 property taxes in the amount of $2897. The Creditor will be paid quarterly installments amortized at 18% interest in the amount of $220.68 per quarter. [Total Plan Payments: $220.68 x 20=$4,413.60. These property taxes will be paid in full].

    B. **902 Nashville Rd., Lakeland, Florida 33815**

        1. 2017 Property Taxes. The Creditor has a secured claim in the amount of $628.52. Creditor filed Proof of Claim No. 6 for this debt, however, Debtors are going to object to this Proof of Claim in that the 2017 property taxes are not due until March 31, 2018. Debtors filed their Petition on February 13, 2017. As such, this is a post-petition debt, not a pre-petition debt that must be paid through the plan.

        2. 2016 Property Taxes. The Creditor has a secured claim in the amount of $604.11. The Creditor be paid quarterly installments amortized at 18% interest in the amount of $46.02 per quarter. [Total Plan Payments: $46.02 x 20=$920.40. These property taxes will be paid in full].

        3. 2015, 2014, and 2013 Property Taxes. The Creditor has a secured claim in the amount of $2,141.89. The Creditor will be paid quarterly installments amortized at 18% interest in the amount of $163.17 per quarter. [Total Plan Payments: $163.17 x 20=$3,263.40. These property taxes will be paid in full].

7. **Triangle Chemical Company** has a secured claim against the Debtors Homestead property by virtue of a judicial lien. The Debtors intend to file a Motion to Avoid Judicial Lien as against their homestead property as said lien impairs their homestead exemption. Triangle Chemical Company's judicial lien also extends to the Debtors real properties located in Polk County, and their farming equipment. The Debtors intend to file a Motion to Determine Secured

Status and Strip Lien as there is no equity in the Debtor's property after taking into account the Farm Agency liens. Triangle's claim will be a general unsecured claim.

    C.    Unsecured Claims

    1.    The Trustee shall distribute all remaining sums pro rata among those unsecured creditors whose claims are timely filed and allowed, including secured creditors who have deficiency claims or whose claims have been avoided.

    D.    Other Provisions

    1.    The Debtor assumes the lease with the Bailey Family Foundation and will pay the lease directly.

    2.    Title to all property shall vest in the Debtor upon confirmation of this Plan subject to the liens of Creditors to the extent of the value of the property. Upon successful completion of the Plan payments for secured claims which the Plan contemplates paying in full over the term of the Plan as conclusively evidenced by the filing of the Trustee's Notice of Plan Completion, the secured creditor shall execute and deliver in recordable form a satisfaction, release or discharge of its security interest or lien within ten (10) days from the date of Discharge.

    3.    Any creditor's claims [other than governmental units] filed after the claims bar date shall receive no distribution under this Plan unless specifically provided for above. Governmental units shall have until 180 days from the commencement of the case to file claims, and any claims filed after this date shall receive no distribution under this Plan unless specifically provided for above.

    4.    Upon entry of an Order Confirming Plan, the terms of this Plan shall be binding on all creditors whether or not a claim was filed. A creditor listed in the Debtor's Schedule D, E, or F, and those creditors listed on the mailing matrix who fail to file a claim shall receive no distribution and upon completion of the Plan payments, any such claim, liability or indebtedness is discharged. Any creditor receiving notice of this bankruptcy filing who does not file a proof of claim, whether said claim is secured, unsecured or priority claim, shall be deemed discharged, released and of no further force and effect unless filed and allowed in this case.

    5.    Once the Debtors successfully complete this Chapter 12 Plan and a Discharge is entered by the Court, no creditor will be allowed to add or include any late charges, penalties, default interest or attorney's fees with respect to any claim from the date of the instrument or obligation to the date of Discharge.

6. Title to all property shall vest in the Debtors upon confirmation of this Plan subject to the liens or creditors to the extent of the value of the property and as specifically provided for herein.

7. Upon successful completion of the Plan payments for secured claims which the Plan contemplates paying in full over the term of the Plan, the secured creditor shall execute and deliver in recordable form a satisfaction, release, or discharge of its security interest or lien within 60 days from the date of Discharge. In the event that a creditor fails to timely provide a release of lien or satisfaction of a lien or mortgage, the Debtors may pursue all available rights and remedies in state court or this bankruptcy court including the recovery of attorney's fees in accordance with §701.04, Florida Statutes.

8. The Debtors shall have a period of thirty (30) days following the expiration of the claims deadline, within which to object to any claim or seek valuation of any claim pursuant to §506(a), United States Bankruptcy Code. The terms of the Debtor's plan and any Order Confirming Plan shall not be *res judicata* as to any claim with respect to which the Debtor files an Objection or Motion to Value.

_____  5/08/17
**Francisco Chavez    Date**

_____  5/08/17
**Enedelia Rodriguez    Date**

Date: 5/8/2017

/S/ Keith William Wynne, Esq.
Keith William Wynne, Esq.
Bar Number 898201
Attorney for Debtor
The Wynne Law Group, PLLC
1001 East Baker Street
Suite 101
Plant City, Florida 33563
Office: 813-567-5894
Fax: 813-567-5896
Email: keith@keithwillwynne.com
　　　eservice@keithwillwynne.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 8, 2017, a true and correct copy of the foregoing was served electronically or by U.S. Mail, first-class postage prepaid or by email to:

John Waage
Chapter 12 Trustee
P.O. Box 25001
Bradenton, Florida 34206-5001

U.S. Trustee's Office
501 East Polk Street
Suite 1200
Tampa, FL 33602

and to all creditors on the attached matrix.

/S/ Keith William Wynne, Esq.
Keith William Wynne, Esq.
Bar Number 898201
Attorney for Debtors
The Wynne Law Group, PLLC
1001 East Baker Street
Suite 101
Plant City, Florida 33563
Office: 813-567-5894
Fax: 813-567-5896
Email: keith@keithwillwynne.com
eservice@keithwillwynne.com